**SUPER 8 MOTELS, INC.,**

           **Plaintiff,**

   **-vs-**

**DARPAN, LLC, SUMAN B. PATEL,
SHARDA S. PATEL, and ALPESH S.
PATEL,**
           **Defendants.**

**UNITED STATES DISTRICT COURT
   DISTRICT OF NEW JERSEY**

**Hon. Madeline Cox Arleo**

**Civil Action No. 04-4216 (JAP)**

**REPORT & RECOMMENDATION**

## BACKGROUND

On November 24, 2004, Super 8 Motels, Inc. ("Super 8" or "Plaintiff") filed its First Amended Complaint.  Defendants Suman B. Patel, Sharda S. Patel, and Alpesh S. Patel ("Defendants"), all appearing pro se, filed Answers on or about December 21, 2004.[1]  On March 1, 2005, the Court entered a Scheduling Order requiring parties to serve written discovery requests, including Rule 26 disclosures, interrogatories, and document requests, by March 15, 2005, with responses due 30 days thereafter.  The language within that Scheduling Order provides that the "dates set forth . . . are to be strictly adhered to."  Furthermore, the "impositions of sanctions, including dismissal or default, will be entertained for non-compliance."

On March 15, 2005, Super 8 served Defendants with its Rule 26 disclosures, initial interrogatories and initial request for production of documents.  Affidavit of Michael Cicero ("Cicero

---

[1]On March 9, 2005, the Clerk of the Court entered default against Defendant Darpan, LLC for failure to respond to Super 8's First Amended Complaint.

Aff."), Ex. C.  Defendants have not answered those requests nor have they served their Rule 26 disclosures.  Cicero Aff. at ¶¶ 7, 9-10.  On May 12, 2005, Super 8 sent a letter to this Court and Defendants indicating Defendants' failure to respond to Super 8's written discovery requests.  On July 30, 2005, discovery closed.

On August 1, 2005, Plaintiff filed a motion to strike the answer to the Amended Complaint and for entry of default as to Defendants.  On January 31, 2006, the Court denied this motion without prejudice, and ordered an in-person status conference for February 17, 2006.[2]  Defendants failed to appear for the in-person conference.  On March 16, 2006, the Court entered an Order to Show Cause why monetary/reprimand sanctions should not be imposed for Defendants failure to appear.  On March 24, 2006, the return date for the Order to Show Cause, Defendants failed to appear.  On March 24, 2006, Defendant Suman Patel sent a letter to the "District Court" stating: "I have received your Order to Show Cause.  I have no way of getting to New Jersey and no money."  This Court now recommends that default be entered against Defendants.

## DISCUSSION

The defendants' failure to comply with their discovery obligations and the Orders of this Court require this Court to determine the appropriate sanctions to impose.  In Poulis v. State Farm Fire & Casualty Co., 747 F.2d 963 (3d Cir. 1984), the Third Circuit Court of Appeals set forth six factors which must be considered to determine whether the sanction of default is appropriate.  The Poulis factors are: (1) the extent of the party's personal responsibility, (2) prejudice to the adversary, (3) a history of dilatoriness, (4) whether the attorney's conduct was willful or in bad faith, (5)

---

[2]The conference was subsequently changed to March 15, 2006 at 10:30 p.m.  Defendants were notified of this change via Federal Expressed letter from plaintiff's counsel.

alternative sanctions, (6) the meritoriousness of the claim or defense.  Id. at 868.

As  pro se litigants, Defendants filed Answers, but ignored this Court's Scheduling Order, failed to engage in the discovery process, failed to appear for the Court ordered in-person status conference, and failed to be appear for the Order to Show Cause hearing that resulted.  Although Defendant Suman Patel sent this Court a letter received March 4, 2006 after the Order to Show Cause hearing, the letter made clear he had no intention of coming to New Jersey to defend the case. The Court finds that Defendants are personally responsible for the lack of compliance with the Court's Orders.  This factor favors the entry of default.

Super 8 has been prejudiced by Defendants' failure to respond to written discovery requests. Defendants have also failed to serve Rule 26 disclosures.  These failures have prevented Super 8 from further discovery with respect to Defendants' denials and defenses.  This factor militates in favor of entering default.

Defendants have failed to adhere to the Scheduling Order deadlines and did not seek any extensions.  Defendants have not responded to outstanding discovery.  Defendants failed to appear for the Court ordered in-person status conference, and failed to appear for the Order to Show Cause hearing that resulted.  This  pattern of dilatoriness favors the entry of default.

Defendant Suman Patel stated justification for his non-compliance is that he has "no way of getting to New Jersey and no money."  However, he fails to explain why he has otherwise failed to comply with his discovery obligations.  The other defendants have offered no reason for their noncompliance.  I am satisfied that defendants have made a willful decision not to defend this action.

Alternative sanctions would not be appropriate.  Defendants were clearly warned of the possible sanctions for non-compliance with this Court's orders.  Defendants have disregarded this Court's Scheduling Order, failed to appear for a Court ordered in-person status conference, failed

to appear for the Order to Show Cause hearing that resulted, and have failed to engage in the discovery process.  The entry of default is clearly warranted.

The Court cannot determine the meritoriousness of any defenses raised based upon reviewing the pleadings.

Five of the six <u>Poulis</u> factors weigh heavily in favor of striking Defendants' Answer.  Not all of the <u>Poulis</u> factors need to be satisfied in order to enter default.  <u>Mindek v. Rigatti</u>, 964 F.2d 1369, 1373 (3d Cir. 1992).  Here, Defendants have failed to both satisfy their discovery obligations and comply with Orders of the Court.  For these reasons, this Court respectfully recommends that default be entered against Defendants, Suman B. Patel, Sharda S. Patel and Alpesh S. Patel.

<u>**CONCLUSION**</u>

For the foregoing reasons, it is respectfully recommended that default be entered against defendants, Suman B. Patel, Sharda S. Patel and Alpesh S. Patel, and that Plaintiff be allowed to proceed to judgment by default as to all defendants.  The parties have ten (10) days from receipt hereof to file and serve objections.

<em>s/Madeline Cox Arleo</em><br>**MADELINE COX ARLEO**<br>**United States Magistrate Judge**

Dated:

Orig.:  Clerk of the Court
cc:     Hon. Joel A. Pisano, U.S.D.J.
        All Parties
        File